Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 723 | **DATE** | 3/15/2002 |
| **CASE TITLE** | Barnes vs. Jaimet, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The reasons set forth on the attached order, the Court dismisses Barnes' petition for habeas corpus. Judgment is entered dismissing the petition.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | MAR 18 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | CDY | 8 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JASON BARNES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 02 C 723 |
| ) | |
| DANNY D. JAIMET and JAMES RYAN, ) | |
| ) | |
| Respondents. ) | |

DOCKETED
MAR 1 8 2002

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Petitioner Jason Barnes was convicted by a DuPage County jury of aggravated battery and unlawful restraint. In June 1997, defendant's girlfriend, Cindy Milam, was arrested for domestic battery after an altercation with Barnes. She was released on bond, but an order of protection was entered barring her from having contact with Barnes. About two weeks later, Milam called Barnes and asked her to meet him at a tavern to discuss a bill for repairing damage to her car. When Barnes did not come, she went to his home and entered after she found the front door open. Milam confronted Barnes about the repair bill. She claimed that Barnes grabbed her, threw her to the floor, and sat on her so that she could not move, and then tied her hands together with a rope and hit her in the face. Milam eventually freed herself and ran to a neighbor's home. She was taken to a hospital, where she was treated for multiple contusions on her face and a laceration which completely severed her upper lip, as well as a comminuted fracture of her nasal bone.

Barnes was arrested. He told the police, and testified at trial, that he had awakened to

learn that Milam was in his house without permission and was attempting to take a number of his possessions. He tried to restrain her from leaving, she struck him, and a struggle ensued. Barnes testified that Milam kicked him in the groin and pulled his hair, and that he hit her in the face because he was afraid of further harm. He said that he had tied Milam's hands to keep her from leaving, presumably so that he could call the police. He then ran to a neighbor's house, saw a police officer who was there for an unrelated reason, and reported a breaking and entering.

After hearing the testimony of Milam and Barnes, as well as several police officers, a jury convicted Barnes of aggravated battery and unlawful restraint. He was sentenced to three years in prison. His conviction and sentence were affirmed on appeal in an unpublished order. *People v. Barnes*, No. 2-99-660 (Ill. App. Apr. 20, 2001).

Barnes has filed a petition for habeas corpus pursuant to 28 U.S.C. §2254 in which he alleges that he was denied a fair trial, that he was not proven guilty beyond a reasonable doubt, that the charge of unlawful restraint should not have been submitted to the jury, and that his rights to due process and equal protection were violated by the trial judge's refusal to instruct the jury on the issue of whether he had legal authority to restrain Milam because her presence in his house violated the order of protection.

Barnes attached to his petition a copy of his petition for leave to appeal to the Illinois Supreme Court, which had raised only state-law issues – that the lower courts had erred in treating the question of his authority to restrain Milam as an issue of fact for the jury, and in holding that the jury could find that Barnes had waived the protection of the court order by initially acquiescing in Milam's presence in his home. *See* Petition for Habeas Corpus, Ex. D. We therefore entered an order on February 4, 2002, stating that

2

> [i]f there was an error of Illinois law, it was for the Illinois courts to correct; it is not the province of a federal court on habeas review to decide issues of state law. A federal court can grant a writ of habeas corpus only if the petitioner's custody violates the Constitution or laws of the United States. Only if claimed errors of state law so prejudiced the petitioner as to deny him a fundamentally fair trial would the Constitution be implicated. Though that may be the gist of petitioner's claim in his habeas corpus petition, in order for this Court to be able to address such a claim, petitioner would have had to present it to the state court in federal constitutional terms.
>
> Accordingly, the Court proposes to dismiss the petition without ordering a response unless the petitioner can show that the petition raises, a federal claim, *and just as importantly, that it was preserved by presentation to the Illinois courts.*

Order of Feb. 4, 2002 (emphasis added).

Barnes has made a submission in response to the February 4 order. He appears to argue that this trial was in fact fundamentally unfair, in violation of his federal constitutional rights, as a result of the state courts' determination of various state law issues. Barnes appears to concede, however, that he did not assert any sort of a federal claim in state court. He nonetheless argues that the Court should excuse this default and consider his habeas corpus petition on the merits, for the following reason:

> In order for this court to reject the Petitioner's claim to the Writ of Habeas Corpus, it would have to reason that the Illinois Appellate court would have ruled differently had the petitioner couched his appeal in terms of due process and equal protection, rather than the claim that the trial and appellate courts violated every precedent in state and federal law by refusing to honor its duty to decide questions of law and issue instructions that are essential to the trial. This would be placing form over substance. The Petitioner gave the State courts a fair opportunity to act on his claims of neglect of duty, refusal to decide essential questions of law, allowing a jury to decide question of law and failure to instruct the jury as to the law.

Petitioner's Memorandum, p. 11.

Barnes' argument is without merit. As the Seventh Circuit has stated, "[t]he necessity of

3

fair presentment of an issue to the state courts as a pre-condition to federal habeas relief is a manifestation, the Supreme Court has emphasized, of its concern for federal-state comity. '[I]t would be unseemly in our dual system of government for the federal courts to upset a state-court conviction without affording to the state courts the opportunity to correct a constitutional violation.'" *Verdin v. O'Leary*, 972 F.2d 1467, 1473 (7th Cir. 1992) (quoting *Duckworth v. Serrano*, 454 U.S. 1, 4 (1981)). Thus we cannot simply overlook Barnes' failure to make any federal constitutional claims to the state courts on the assumption that the making of such claims would not have affected the outcome of his appeal. And even if we could surmise from the Appellate Court's ruling that it would have affirmed Barnes' conviction even if he had made his constitutional claims in that court, Barnes was also required to present his constitutional claim to the Illinois Supreme Court in his petition for leave to appeal. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). We have no basis to assume that Barnes' constitutional claims, which the Illinois Supreme Court never heard about, would have made no difference in that court's decision whether to hear his case. And Barnes has provided no legally cognizable "cause" to excuse his failure to include his constitutional claims in his petition for leave to appeal. For all of these reasons, this Court is precluded from considering Barnes' claim on the merits.

## Conclusion

For the reasons stated above, the Court dismisses Barnes' petition for habeas corpus. The Clerk is directed to enter judgment dismissing the petition.

MATTHEW F. KENNELLY
United States District Judge

Date: March 15, 2002

4